# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**August 27, 2024**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Harris Argabright,**
**Claimant Below, Petitioner**

**v.)**    **No. 23-381**    (JCN: 2021020512)
(ICA No. 22-ICA-262)

**Blackhawk Mining, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Harrison Argabright appeals the May 1, 2023, opinion of the Intermediate Court of Appeals ("ICA"). *See Blackhawk Mining, LLC v. Argabright*, No. 22-ICA-262, --- S.E.2d ---, 2023 WL 3167476, at *2-4 (W. Va. Ct. App. Mar. 22, 2023).[1] Respondent Blackhawk Mining, LLC filed a timely response.[2] The issue on appeal is whether the ICA erred in reversing the Board of Review's order, which affirmed the Office of Judges' reversal of the claim administrator's order denying the addition of the diagnoses disc bulge L2 to S1 as compensable conditions in the claim.[3]

---

[1] The appeal is limited solely to the issue of the compensability of additional components in the claim. The issue concerning the approval of a consultation with Rajesh Patel, M.D., is not before this Court.

[2] The petitioner is represented by counsel Reginald D. Henry, and the respondent is represented by counsel Jeffrey B. Brannon.

[3] The Board of Review decided the appeal of an order entered by the Office of Judges on May 19, 2022; this appeal was already pending at the Board of Review on June 30, 2022, when the West Virginia workers' compensation system underwent a significant restructuring. Despite the restructuring, the Board of Review was responsible for deciding this and "all remaining appeals filed with the Board of Review, of Office of Judges' decisions issued prior to June 30, 2022[.]" *See* W. Va. Code § 23-5-8b(e). The order entered by the Board of Review was then appealed to the ICA, which pursuant to West Virginia Code § 23-5-8b(d)(2), has exclusive jurisdiction over all final orders or decisions issued by the Board of Review after June 30, 2022. *See also* W. Va. Code § 23-5-15(a) (directing that prior statutory provisions allowing for appeals from Board of Review directly to Supreme Court of Appeals do not apply to any Board of Review decision issued after June 30, 2022).

On appeal, the petitioner argues that the opinion of the ICA is incorrect because there was no clear error contained in the Board of Review's decision, and there was no basis under West Virginia Code § 23-5-12a(b) for its reversal. The respondent argues that the preponderance of the evidence establishes that the conditions requested to be added to the claim are chronic and preexisting, and are not a "discreet new injury" under *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016).

This Court reviews questions of law de novo, while we accord deference to the lower tribunal's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, No. 23-43, 2024 WL 1715166 (W. Va. April 22, 2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: August 27, 2024**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice William R. Wooton
Justice C. Haley Bunn

**DISSENTING:**

Justice John A. Hutchison

Hutchison, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.